IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANET HALES GREENE, individually, and as Executor of the Estate of Clarence Edward Hales; and ELSIE COLLIER HALES,<br><br>Plaintiff,<br><br>vs.<br><br>4520 CORP., INC., individually and as Successor-in-interest to BENJAMIN F. SHAW COMPANY; *et al.,*<br><br>Defendants. | EDNC Case No.: 4:21-cv-00074-M |

**DEFENDANT, 4520 CORP., INC.'S, AS SUCCESSOR-IN-INTEREST TO BENJAMIN F. SHAW COMPANY, ANSWER, AFFIRMATIVE DEFENSES, AND DENIAL OF ALL CROSSCLAIMS**

Defendant, 4520 CORP., INC., as successor-in-interest to BENJAMIN F. SHAW COMPANY) (hereinafter "4520 Corp." or "Defendant"), through the undersigned counsel, answers the Complaint of Plaintiffs as follows:

**FIRST DEFENSE**

The Complaint and each cause of action therein fail to state a claim as to 4520 Corp. and the same should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

The Complaint fails to state a claim sufficient to support an award of punitive damages as to 4520 Corp. and the same should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

4520 Corp., answering Plaintiffs' Complaint, alleges and says:

## INTRODUCTORY STATEMENT

1. Paragraph 1 states legal conclusions which Defendant is required to neither admit nor deny. To the extent a response is deemed necessary, Defendant denies the allegations set forth in Paragraph 1 directed against it.

2. Paragraph 2 states legal conclusions which Defendant is required to neither admit nor deny. To the extent a response is deemed necessary, Defendant denies the allegations set forth in Paragraph 2 directed against it and lacks information as to the remaining allegations contained therein and, therefore, denies the same.

## JURISDICTION AND VENUE

3. To the extent the allegations in Paragraphs 3-7 constitute pure legal conclusions, no response is required. To the extent the allegations in Paragraphs 3-7 contain factual allegations directed to 4520 Corp., such allegations are denied. It is specifically denied that this Court has personal jurisdiction, general or specific, over 4520 Corp. in this action. To the extent the allegations of Paragraphs 3-7 are directed to other defendants, 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 3-7, and denies the same.

## GENERAL ALLEGATIONS

4. 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and denies the same.

5. The allegations of paragraphs 9-17 are denied to the extent they are directed to 4520 Corp., except that it is admitted that 4520 Corp. is successor-in-interest to BENJAMIN F.

SHAW COMPANY. To the extent the allegations of Paragraphs 9-17 are directed to other defendants, 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 9-17, and therefore denied.

## PARTIES

6. 4520 Corp. lacks sufficient information to form a belief as to the allegations contained in Paragraph 18 and, therefore, denies the same.

7. 4520 Corp. lacks sufficient information to form a belief as to the allegations contained in Paragraphs 19 and 20 and, therefore, denies the same.

8. 4520 Corp. admits in Paragraph 21 that it is successor-in-interest to Benjamin F. Shaw Company. 4520 Corp. is incorporated under the laws of Delaware with its principal place of business in Oregon. Except as admitted herein, denied.

9. The allegations of Paragraphs 22 through 46 are denied to the extent they are directed to 4520 Corp. To the extent the allegations of Paragraphs 22 through 46 are directed to other defendants, 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 22 through 46, and therefore denied.

## BACKGROUND FACTS

10. 4520 Corp. is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 47 through 52 and, therefore, denies the same.

## FIRST CAUSE OF ACTION
## DEFECTIVE DESIGN

11. Paragraphs 1 through 10 of this Answer are incorporated herein by reference.

12. 4520 Corp. denies the allegations of Paragraphs 54 through 73 to the extent they are directed to 4520 Corp. 4520 Corp. is without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraphs 54 through 73 to the extent that they are directed to other defendants, and accordingly denies the same.

## SECOND CAUSE OF ACTION
## FAILURE TO WARN

13. Paragraphs 1 through 12 of this Answer are incorporated herein by reference.

14. 4520 Corp. denies the allegations of Paragraphs 75 through 78 to the extent they are directed to 4520 Corp. 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 75 through 78 to the extent that they are directed to other defendants, and accordingly denies the same.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

15. Paragraphs 1 through 14 of this Answer are incorporated herein by reference.

16. 4520 Corp. denies the allegations of Paragraphs 80 through 84 to the extent they are directed to 4520 Corp. 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 80 through 84 to the extent that they are directed to other defendants, and accordingly denies the same.

## FOURTH CAUSE OF ACTION
## GROSS NEGLIGENCE, WILLFUL, WANTON AND RECKLESS CONDUCT

17. Paragraphs 1 through 16 of this Answer are incorporated herein by reference.

18. 4520 Corp. denies the allegations of Paragraphs 86 through 94 to the extent they are directed to 4520 Corp. 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 86 through 94 to the extent that they are directed to other defendants, and accordingly denies the same.

## FIFTH CAUSE OF ACTION
## CONSPIRACY
(Against Defendant Metropolitan Life Insurance Company)

19. The allegations contained in Paragraphs 95 through 99 are directed at another defendant, and no response is required from 4520 Corp. To the extent a further response may be deemed necessary, 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 95 through 99, and those allegations are denied.

SIXTH CAUSE OF ACTION
LOSS OF CONSORTIUM

20. Paragraphs 1 through 19 of this Answer are incorporated herein by reference.

21. 4520 Corp. is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 101 and 102 and, therefore, denies the same.

DAMAGES

22. Paragraphs 1 through 21 of this Answer are incorporated herein by reference.

23. 4520 Corp. denies the allegations of Paragraphs 104 through 110 to the extent they are directed at 4520 Corp. 4520 Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 104 through 110, and those allegations are denied.

**FOURTH DEFENSE**

Plaintiffs' Complaint fails to join all necessary, proper and indispensable parties, and on the basis of such non-joinder and/or misjoinder of parties, this action should be dismissed.

**FIFTH DEFENSE**

There are no warranties, express or implied, and no privity of contract between 4520 Corp. and Plaintiffs, or either of them, and by reason thereof, Plaintiffs are not entitled to recover of 4520 Corp. for any alleged breach of warranty, express or implied. 4520 Corp. further alleges that

Plaintiffs have failed to notify 4520 Corp. of any breach as required by Chapter 25 of the North Carolina General Statutes, all of which is pleaded in bar of the right of Plaintiffs to recover anything of 4520 Corp. in this action.

**SIXTH DEFENSE**

If it be determined that Plaintiffs sustained any injuries or damages as a result of the use of a Benjamin F. Shaw Company product, all of which has been and is once again denied, then upon information and belief it is alleged that such injuries and/or damages were caused in whole or in part by the contributory negligence of Decedent in that:

a) He failed to exercise ordinary care for his own safety when he knew, or should have known, of the hazards associated with his work;

b) He failed to utilize proper clothing, protective devices and safety equipment which were available to him when he knew, or should have known, that the materials that he was working with or around him could possibly be harmful;

c) He improperly used Benjamin F. Shaw Company's product(s) or altered or modified said products in a manner contrary to their accepted use and/or instructions relating to the use of Benjamin F. Shaw Company's product, all in contradiction of Chapter 99B of the North Carolina General Statutes.

d) He failed to heed advice and warnings given about proper and safe working conditions and the safe use of asbestos-containing products with which he worked, in addition to failing to use equipment provided to him by others.

(e) He smoked, during which time he knew or should have known of the health risk associated with such activity;

(f) In such other manner as may be shown through discovery and/or at the trial in this action.

All of the foregoing constitutes contributory negligence and/or an alteration, modification, or misuse of the product pursuant to Chapter 99B of the North Carolina General Statutes, all of which is pleaded in bar of the right of Plaintiffs to recover anything of 4520 Corp. in this action.

### SEVENTH DEFENSE

Decedent, by his voluntarily exposing himself to asbestos, assumed the risk associated with any subsequent injury, all of which is pleaded in bar of the right of Plaintiffs to recover anything of 4520 Corp. in this action.

### EIGHTH DEFENSE

If it be determined that Decedent used any of Benjamin F. Shaw Company's products, then Decedent failed to use said products properly and subjected them to abnormal use which constituted an intervening or superseding cause of any injuries or damages complained of, all of which constitutes an alteration or modification of the product pursuant to Chapter 99B of the North Carolina General Statutes.

### NINTH DEFENSE

4520 Corp. hereby incorporates by reference all defenses to product liability actions under common law and all defenses contained in Chapter 99B of the North Carolina General Statutes.

### TENTH DEFENSE

If it be determined that any Co-Defendant in this action is liable to Plaintiffs for alleged damages, 4520 Corp. says and alleges that there was no concert of action between 4520 Corp. and any other Defendants and, therefore, 4520 Corp. was not a joint tortfeasor with any other Defendant and may not be held jointly and severally liable.

## ELEVENTH DEFENSE

If it be determined that 4520 Corp. is in any way liable to Plaintiffs, all of which has been and is once again denied, 4520 Corp. alleges that the employers of Decedent were negligent in that they failed to equip or provide Decedent with proper or safe protection, that they provided the orders and directions under which Decedent worked involving any asbestos-containing products, that they allowed asbestos-containing products to be used by Decedent and others in a fashion so as to create a condition of danger for Decedent, although they knew or should have known and in the exercise of due care of the general warnings pertaining to asbestos, they failed to pass on these warnings to Decedent and/or his supervisors, they failed to provide a safe place for Decedent, they failed to provide suitable training and education to Decedent and/or they failed to enforce such training, and they failed to require Decedent and other employees to keep the premises reasonably clean and free of dust. Said negligence on the part of the employers of Decedent was a superseding and intervening cause of any injury to Decedent and any claims by his spouse, and pursuant to the provisions of N.C.G.S. § 97-10.2(e), 4520 Corp. is entitled to have submitted to the jury an issue as to whether the negligence of the employers of Decedent joined and concurred with the purported negligence of Benjamin F. Shaw Company, if any, in producing any injuries to Decedent and any claims asserted by Decedent's spouse, and if such issue should be answered in the affirmative, 4520 Corp. is entitled to have any judgment rendered against 4520 Corp. reduced by the amount of any worker's compensation benefits and/or medical expenses which have been paid by the employer or employers of Plaintiff.

## TWELFTH DEFENSE

This action is barred by the applicable statutes of limitation and repose, including, but not limited to, N.C.G.S. §§ 1-15, 1-50, 1-52, 1-53, 1-56, and any and all applicable sections of Chapter

25 of the North Carolina General Statutes, as well as any and all other applicable statutes of limitation or repose of this and other jurisdictions providing for a specific time period in which a claim must be asserted or an action filed.

**THIRTEENTH DEFENSE**

Any and all activity by Benjamin F. Shaw Company with respect to the design, manufacture, and/or or supply of any products irrespective of whether such products contained asbestos was in accordance with established and recognized state-of-the-art at the time of such design, manufacture, and/or or supply, all of which is pleaded in bar of the right of Plaintiffs to recover anything of 4520 Corp. in this action.

**FOURTEENTH DEFENSE**

At all times relevant hereto, any of Benjamin F. Shaw Company's products complied with the industry standards and Federal and State standards and regulations governing the manufacturing, sale, packaging and distribution of said products.

**FIFTEENTH DEFENSE**

Plaintiffs are not entitled to recover punitive or exemplary damages from 4520 Corp. because it would be contrary to the purpose for which said damages are permitted, it would be contrary to public policy, inherently unfair and would be a denial of 4520 Corp.'s rights to equal protection of the law, and due process as guaranteed by the Constitution of the United States and of the State of North Carolina.

**SIXTEENTH DEFENSE**

In the event that Decedent was an employee of Benjamin F. Shaw Company, and any of his alleged asbestos exposure occurred while he was so employed, any recovery against 4520 Corp. is barred by the applicable Workers' Compensation Law, including without limitation Chapter 97

of the North Carolina General Statutes, and the Complaint should be dismissed for lack of subject matter jurisdiction.

## SEVENTEENTH DEFENSE

Decedent failed to mitigate his damages as required by law, and the same is pled in bar and/or to reduce any recovery by Plaintiffs against 4520 Corp. in this action.

## EIGHTEENTH DEFENSE

4520 Corp. alleges that if Plaintiffs' claims were already litigated and resolved in any prior action, Plaintiffs' claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which Plaintiffs were previously compensated by alleged joint tortfeasors.

## NINETEENTH DEFENSE

Plaintiffs are unreasonably delayed in bringing this action, without good cause, and thereby have prejudiced 4520 Corp. as a direct and proximate result of their delay; accordingly, this action is barred by the doctrines of waiver, laches and estoppel.

## TWENTIETH DEFENSE

Any loss, injury or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of parties whom 4520 Corp. neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Benjamin F. Shaw Company.

## TWENTY-FIRST DEFENSE

Decedent knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this

undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiffs.

## TWENTY- SECOND DEFENSE

4520 Corp. alleges that any alleged duty of Benjamin F. Shaw Company to warn of the risk and dangers of utilization of any alleged product, if such duty exists, was satisfied and discharged through the information and warnings provided to Plaintiffs' employers.

## TWENTY- THIRD DEFENSE

4520 Corp. alleges that Benjamin F. Shaw Company had no knowledge, either actual or constructive, and by the application of reasonable, developed human skills and foresight had no reason to know of the propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by Benjamin F. Shaw Company to cause or contribute to the creation of medical conditions or circumstances involving alleged injuries to the lungs, respiratory and cardiovascular systems, including cancer, asbestosis, mesothelioma, or any other illness of any type whatsoever. Benjamin F. Shaw Company therefore did not have a duty to warn Plaintiffs regarding any such alleged dangers.

## TWENTY- FOURTH DEFENSE

4520 Corp. alleges that exposure of Decedent, if any, to any product of Benjamin F. Shaw Company was so minimal as to be insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

## TWENTY- FIFTH DEFENSE

4520 Corp. alleges that any product of Benjamin F. Shaw Company's to which Decedent may have been exposed was not a substantial factor in causing and/or contributing to his injuries, illness or damages, and thus, Plaintiffs' claims are barred as a matter of law.

## TWENTY-SIXTH DEFENSE

Plaintiffs' Complaint may be barred by a lack of personal jurisdiction, including general and/or specific jurisdiction, over 4520 Corp. in this action as 4520 Corp. is a Delaware corporation with its principal place of business in Oregon and Benjamin F. Shaw Company was a Delaware corporation and its principal place of business was in Delaware.

## TWENTY-SEVENTH DEFENSE

Plaintiffs did not notify 4520 Corp. within a reasonable period of time after Plaintiffs discovered or should have discovered any alleged defects in a product purportedly sold by Benjamin F. Shaw Company and/or the Complaint in this action was filed so long after the date of the events which Plaintiffs allege constitute these causes of action that Plaintiffs are barred from recovery by reason of laches.

## TWENTY-EIGHTH DEFENSE

On information and belief, other defendants alleged in the Complaint to be joint tortfeasors with 4520 Corp., which is denied, have or may in the future compromise and settle all matters and things at issue between them and Plaintiffs. 4520 Corp. further believes that the amount of said settlements is or will be claimed to be confidential. 4520 Corp. is entitled to have any judgment rendered against it setoff against any funds paid in settlement on behalf of other alleged joint and several tortfeasors. In the event that any confidential agreement existing by and between Plaintiffs and any settling tortfeasor in this case precludes the disclosure of the amount of such settlement for purposes of settlement or otherwise, the claim and action of Plaintiffs against 4520 Corp. must be dismissed for the reason that the same is contrary to the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of North Carolina because it would deprive 4520 Corp. of the due process of law.

## TWENTY-NINTH DEFENSE

4520 Corp. affirmatively alleges that the injuries or damages alleged by Plaintiffs were caused by the intervening, insulating, or superseding negligence of parties other than 4520 Corp., including without limitation the negligence of Decedent's employers, and were not caused by the conduct of 4520 Corp.

## THIRTIETH DEFENSE

4520 Corp. affirmatively alleges the lack of contractual privity of contract in bar of any recovery based in warranty herein.

## RIGHT TO SETOFF

4520 Corp. is entitled to have any judgment rendered against it be reduced or offset by the amount of any settlements or proceeds received from any other parties or sources, including but not limited to all asbestos trust payouts.

## RESERVATION OF ADDITIONAL DEFENSES

4520 Corp. hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

WHEREFORE, 4520 Corp., Inc., having answered the Complaint of Plaintiffs, prays the Court as follows:

1. That Plaintiffs have and recover nothing of 4520 Corp. in this action and that the action as against 4520 Corp. be dismissed;

2. That 4520 Corp. have and recover costs, including reasonable attorneys' fees;

3. That any judgment rendered against 4520 Corp. be reduced by any amounts paid pursuant to the provision of any Workers' Compensation Act of any State and any settlements received from any other party or source, including asbestos trust payouts;

4. That there be trial by jury on all issues of fact; and

5. For such other and further relief as to the Court may seem just and proper.

## ANSWER TO ALL CROSSCLAIMS

4520 Corp., answering any and all crossclaims which may already have been asserted or which may be asserted against it by other parties to this litigation, says:

1. The allegations asserted against 4520 Corp. in any and all crossclaims are denied.

2. Each and every allegation not specifically responded to herein relating to any and all crossclaims asserted against 4520 Corp. are denied.

3. In defense of any and all crossclaims, 4520 Corp. incorporates herein, as if restated in full, any and all defenses which it has asserted or may assert to the allegations of Plaintiffs' Complaint.

WHEREFORE, having fully answered any and all crossclaims, 4520 Corp., Inc., prays that such crossclaims be dismissed with prejudice; that 4520 Corp., Inc. recover its costs; for a jury trial on all such crossclaims and defenses; and for such other and further relief as may be just and proper.

This 17th day of June, 2021.

/s/ Jason L. Walters
Jason L. Walters
NC State Bar No: 38575
*Attorney for Defendant 4520 Corp., Inc., as successor in interest to Benjamin F. Shaw Company*

DAVIS & HAMRICK, LLP
635 West Fourth Street
PO Box 20039
Winston-Salem, NC  27120-0039
Telephone: 336 725-8385, ext 105
Facsimile: 336 723-8838
E-mail: jwalters@davisandhamrick.com

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 17, 2021, I electronically filed the foregoing ***ANSWER, AFFIRMATIVE DEFENSES, AND DENIAL OF ALL CROSSCLAIMS*** on behalf of 4520 Corp., Inc. as successor in interest to Benjamin F. Shaw Company, with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of such filing to all counsel of record.

        Respectfully submitted,

/s/ Jason L. Walters
Jason L. Walters
NC State Bar No: 38575
*Attorney for Defendant 4520 Corp., Inc., as successor in interest to Benjamin F. Shaw Company*

DAVIS & HAMRICK, LLP
635 West Fourth Street
PO Box 20039
Winston-Salem, NC  27120-0039
Telephone: 336 725-8385, ext 105
Facsimile: 336 723-8838
E-mail: jwalters@davisandhamrick.com