**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANET HALES GREENE, Individually and as Executor of the Estate of CLARENCE EDWARD HALES and ELSIE COLLIER HALES, | ) ) ) ) | Case No. 4-21-CV-74-M |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | |
| 4520 CORP., INC., Individually and as successor-in-interest to BENJAMIN F. SHAW COMPANY et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF FLOWSERVE US INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LAWRENCE PUMPS, INC. TO PLAINTIFFS' COMPLAINT

COMES NOW Flowserve US Inc., Individually and as Successor-In-Interest to Lawrence Pumps, Inc. (hereinafter "Defendant"), one of the Defendants in the above-captioned case, and files this its Answer and Affirmative Defenses to Plaintiffs' Civil Action Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies any negligence in connection with this matter, thus there can be no recovery in this cause against Defendant.

### THIRD DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitation and/or statute of repose.

## FOURTH DEFENSE

This Defendant denies any tortious act or omission on its part that proximately caused or proximately contributed to Plaintiffs' damages; thus, there can be no recovery against Defendant.

## FIFTH DEFENSE

If there was negligence on the part of this Defendant, and Defendant denies that it was negligent in any particular way, the alleged negligence of Defendant was insulated by the subsequent acts and conduct of another or others with the result that there can be no recovery against Defendant.

## SIXTH DEFENSE

The sole proximate cause of Plaintiffs' damages, if any, was the negligence, subsequent acts, or subsequent omissions of a person or persons, labor union or unions, firm or firms, and/or corporation or corporations, for whose negligence, subsequent acts or subsequent omissions Defendant was and is in no way liable, with the result that there can be no recovery against Defendant.

## SEVENTH DEFENSE

Plaintiffs, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence on the part of Defendant; thus, there can be no recovery against Defendant.

## EIGHTH DEFENSE

Plaintiffs failed to timely notify Defendant of any alleged defect with respect to its products, Defendant denying that there was any design or manufacturing defect or any other defect for which it was responsible in its product, with the result being that there can be no recovery against Defendant.

## NINTH DEFENSE

Plaintiffs are guilty of laches in waiting many years, with actual notice of the physical danger, if any, in working with products containing asbestos, to undertake now to sue Defendant, and hence there can be no recovery against Defendant.

## TENTH DEFENSE

There was no defect in any of Defendant's products that Plaintiffs used, with the result that there can be no recovery against Defendant.

## ELEVENTH DEFENSE

To the extent shown by the evidence, Defendant raises the affirmative defenses of modification, alteration, and abuse of the product.

## TWELFTH DEFENSE

Plaintiffs had actual knowledge of and voluntarily assumed the risks incident to the repeated use and/or exposure to asbestos or the products and processes involved in the use of asbestos or asbestos-related materials, whether manufactured by Defendant or not, and further, Plaintiffs voluntarily adopted a dangerous, willful, wanton, reckless, careless, negligent, and hazardous attitude, with regard to the method and manner of performing the tasks assigned to Plaintiffs when there were available safer methods of approaching and performing the tasks assigned, and Plaintiffs thereby assumed the risk of injury in so performing the undertaking in such a hazardous, dangerous and negligent manner, in that Plaintiffs had actual knowledge of the perils, if any, of the imminence of the danger, if any, and Plaintiffs thereby assumed the risk of exposure to asbestos dust, or with the products and processes involving asbestos or asbestos-related materials, and thus there can be no recovery from Defendant.

## THIRTEENTH DEFENSE

This Defendant had no duty to warn Plaintiffs of danger, if any, of exposure to asbestos dust from its products, or of any other danger, with the result that there can be no recovery against Defendant.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Defendant should be denied by reason of the sophisticated commercial user/learned intermediary doctrines since Plaintiffs' employers were so experienced and sophisticated regarding asbestos-containing products that no duty to warn existed. The knowledge of Plaintiffs' employers regarding the potential hazards of asbestos was equal to or superior to that of Defendant, and, therefore, Defendant had no duty to warn Plaintiffs as an employee of sophisticated commercial purchasers/users who furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products and were under a duty to warn their employees thereof.

## FIFTEENTH DEFENSE

This Defendant has fully complied with all applicable governmental laws and regulations with regard to labeling and publishing cautionary instructions with respect to its products with the result that Defendant has breached no duty, if any such duty ever existed, to warn and thus there can be no recovery against Defendant.

## SIXTEENTH DEFENSE

This Defendant breached no duty whatsoever to Plaintiffs whether arising by statute, by common law, or otherwise with the result that there can be no recovery against Defendant.

## SEVENTEENTH DEFENSE

The allegations of Plaintiffs' Complaint do not state a claim against Defendant, which would authorize or entitle Plaintiffs to recover punitive or exemplary damages as set forth in the provisions of Chapter 1D of the North Carolina General Statutes, including N.C.G.S. §§ 1D-5, 1D-10, 1D-15, 1D-25, 1D-30, 1D-35, and 1D-45.

## EIGHTEENTH DEFENSE

There is no concert of action between Defendant and any of the other defendants herein. Defendants are not joint tortfeasors and accordingly, Defendant may not be held jointly and severally liable with the other defendants.

## NINETEENTH DEFENSE

This action, having been brought against multiple parties, and the Plaintiffs being to some degree responsible for the damages claimed, any recovery must be apportioned among all persons and entities, according to their degree of fault, including a reduction in proportion to the degree of Plaintiffs' own fault.

## TWENTIETH DEFENSE

This Defendant shows that any alleged exposure to asbestos containing products for which Defendant is alleged to be liable was so minimal as to be insufficient to establish a reasonable degree of certainty or probability that the injuries and damages complained of resulted from any exposure to, or defects from said products.

## TWENTY-FIRST DEFENSE

This Defendant shows that there was no privity of contract between Plaintiffs and Defendant, and Plaintiffs may not rely upon any warranties which may have been implied or

imposed by law upon Defendant and Defendant affirmatively alleges that it breached no warranty.

### TWENTY-SECOND DEFENSE

With respect to each paragraph of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to permit it to form a belief concerning the truth of the averments regarding the other defendants.

### TWENTY-THIRD DEFENSE

Any loss or disruption of marital services, society, affection, companionship, or sexual relations between the Plaintiffs was not proximately caused by any conduct, act, or omission on the part of Defendant.

### TWENTY-FOURTH DEFENSE

To the extent that any averments contained within Plaintiffs' Complaint have not been addressed in the foregoing affirmative defenses or responses to specific Paragraphs of Plaintiffs' Complaint, the same are hereby denied. In further answer to the Complaint of the Plaintiffs and to its separate Paragraphs, Defendant shows that no circumstances or facts exist which would entitle the Plaintiffs to compensatory or punitive damages or damages of any kind, and all claims as to such damages are denied.

### TWENTY-FIFTH DEFENSE

The Complaint on its face shows a misjoinder of parties. Additionally, Plaintiffs have failed to join proper, necessary, and indispensable parties to this action, some of whom cannot be made parties.

## TWENTY-SIXTH DEFENSE

This Court may lack jurisdiction over the subject matter of Plaintiffs' Complaint.

## TWENTY-SEVENTH DEFENSE

This Defendant adopts and incorporates by reference, as if fully set forth herein, all defenses which may have been or will be asserted by other defendants and/or any third-party defendants which are applicable and not adverse to Defendant.  In addition, Defendant will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

## TWENTY-EIGHTH DEFENSE

This Defendant pleads all applicable defenses contained in Rule 12(b) of the Federal Rules of Civil Procedure.

## TWENTY-NINTH DEFENSE

Plaintiffs' Complaint fails to state a claim and/or allege sufficient predicate facts constituting a cause of action against this Defendant with the specificity required under *Bell Atlantic Corp. v. Twombly*, 530 U.S. 344 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

## THIRTIETH DEFENSE

Plaintiffs' claims are or may be barred by the lack of proper and lawful service of process upon this Defendant with respect to some or all the individual claims alleged in Plaintiffs' Complaint.

7

## THIRTY-FIRST DEFENSE

The Defendant shows that there has been an insufficiency of process and an insufficiency of service of process as to this Defendant.

## THIRTY-SECOND DEFENSE

This Court lacks personal jurisdiction over Defendant.

## ANSWER

With regard to the specific paragraphs of Plaintiffs' Complaint, Defendant responds as follows:

## INTRODUCTORY STATEMETN

1.

The allegations contained in Paragraph One (1) of Plaintiffs' Complaint are statements and/or conclusions of law which require no response. To the extent a response is deemed necessary, Defendant denies said allegations insofar as they are directed to this Defendant.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Two (2) of Plaintiffs' Complaint and hence can neither admit nor deny the same. Therefore, the allegations are denied.

## JURISDICTION AND VENUE

3.

The allegations contained in Paragraph Three (3) appear to be legal conclusions or statement to which no response is required. To the extent an answer is deemed required, the allegations are denied.

4.

Defendant denies the allegations contained in Paragraph Four (4), including subparts (a) through (e), of Plaintiffs' Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Five (5) of Plaintiffs' Complaint and hence can neither admit nor deny the same. Therefore, the allegations are denied.

6.

The allegations contained in Paragraph Six (6) of Plaintiffs' Complaint are statements and/or conclusions of law which require no response. To the extent a response is deemed necessary, Defendant denies said allegations insofar as they are directed to this Defendant.

7.

The allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint are statements and/or conclusion of law which require no response. To the extent a response is deemed necessary, Defendant denies said allegations insofar as they are directed to this Defendant.

**GENERAL ALLEGATIONS**

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight (8) of the Complaint, and therefore, denies those allegations.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine (9) of the Complaint, and therefore, denies those

allegations.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten (10) of the Complaint, and therefore, denies those allegations.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven (11) of the Complaint, and therefore, denies those allegations.

12.

Defendant denies the allegations of Paragraph Twelve (12) of the Complaint insofar as they are directed to this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twelve (12) of Plaintiffs' Complaint as those allegations pertain to other defendants and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

13.

Defendant denies the allegations of Paragraph Thirteen (13) of the Complaint insofar as they are directed to this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirteen (13) of Plaintiffs' Complaint as those allegations pertain to other defendants and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen (14) of the Complaint, and therefore, denies those allegations.

15.

Defendant denies the allegations contained in Paragraph Fifteen (15) of Plaintiffs' Complaint.

16.

Defendant denies the allegations contained in Paragraph Sixteen (16) of Plaintiffs' Complaint.

17.

Defendant denies the allegations contained in Paragraph Seventeen (17) of Plaintiffs' Complaint.

**PARTIES**

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen (18) of the Complaint, and therefore, denies those allegations.

19.

Defendant denies the allegations of Paragraph Nineteen (19) of Plaintiffs' Complaint as those allegations pertain to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Nineteen (19) of Plaintiffs'

Complaint as those allegations pertain to other defendants and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

20.

Defendant denies the allegations of Paragraph Twenty (20) of Plaintiffs' Complaint as those allegations pertain to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty (20) of Plaintiffs' Complaint as those allegations pertain to other defendants and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-One (21) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Two (22) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Three (23) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Four (24) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Five (25) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Six (26) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Seven (27) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Eight (28) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Twenty-Nine (29) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

30.

Defendant admits only that it is incorporated in the State of Delaware and maintains its principal place of business in the State of Texas. Defendant denies the remaining allegations in

Paragraph Thirty (30).

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-One (31) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Two (32) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Three (33) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Four (34) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

35.

Defendant admits only that it is a limited liability company organized in the State of Delaware and maintains its principal place of business in the Commonwealth of Pennsylvania. Defendant denies the remaining allegations in Paragraph Thirty-Five (35).

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Six (36) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Seven (37) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Eight (38) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

39.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Thirty-Nine (39) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

40.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty (40) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-One (41) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

42.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-Two (42) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-Three (43) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-Four (44) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-Five (45) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-Six (46) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

## **BACKGROUND FACTS**

47.

Defendant admits only that Plaintiffs have filed this Complaint seeking money damages. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Seven (47) of the Complaint, and therefore, denies those allegations.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Forty-Eight (48) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Fort-Nine (49) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

50.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Fifty (50) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

51.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Fifty-One (51) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

52.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Two (52) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

## **FIRST CAUSE OF ACTION**
### **DEFECTIVE DESIGN**

53.

Defendant, in answer to Paragraph Fifty-Three (53), the First Cause of Action - Defective Design, restates and incorporates all of its answers to the foregoing Paragraphs One (1) through Fifty-Two (52) as if set forth fully herein.

54.

The allegations contained in Paragraph Fifty-Four (54) of Plaintiffs' Complaint are statements and/or conclusion of law which require no response. To the extent a response is deemed necessary, Defendant denies said allegations insofar as they are directed to this Defendant.

55.

Defendant denies the allegations contained in Paragraph Fifty-Five (55) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

56.

Defendant denies the allegations contained in Paragraph Fifty-Six (56) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

57.

Defendant denies the allegations contained in Paragraph Fifty-Seven (57) of Plaintiffs' Complaint insofar as they are directed to this Defendant. Defendant further denies that either Plaintiffs suffered injuries as a result of any action by Defendant.

58.

Defendant denies the allegations contained Paragraph Fifty-Eight (58) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

59.

Defendant denies the allegations contained in Paragraph Fifty-Nine (59) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

60.

Defendant denies the allegations contained in Sixty (60) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

61.

Defendant denies the allegations contained in Paragraph Sixty-One (61) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

62.

Defendant denies the allegations contained in Paragraph Sixty-Two (62) of Plaintiffs' Complaint as they are directed to this Defendant.

63.

Defendant denies the allegations contained in Paragraph Sixty-Three (63) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

64.

Defendant denies the allegations contained in Paragraph Sixty-Four (64) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

65.

Defendant denies the allegations contained in Paragraph Sixty-Five (65) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

66.

Defendant denies the allegations contained in Paragraph Sixty-Six (66) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

67.

Defendant denies the allegations contained in Paragraph Sixty-Seven (67) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

68.

Defendant denies the allegations contained in Paragraph Sixty-Eight (68) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

69.

Defendant denies the allegations contained in Paragraph Sixty-Nine (69) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

70.

Defendant denies the allegations contained in Paragraph Seventy (70) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

71.

Defendant denies the allegations contained in Paragraph Seventy-One (71) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

72.

Defendant denies the allegations contained in Paragraph Seventy-Two (72) of Plaintiffs'
Complaint insofar as they are directed to this Defendant.

73.

Defendant admits that Plaintiffs seek damages in the Complaint. Defendant denies that
Defendant is liable to Plaintiffs for any such damages claimed and that
Defendant acted in an inappropriate or improper manner.

## SECOND CAUSE OF ACTION
### FAILURE TO WARN

74.

Defendant, in answer to Paragraph Seventy-Four (74) of Plaintiffs' Complaint, the
Second Cause of Action – Failure to Warn, restates and incorporates all of its answers to the
foregoing Paragraphs One (1) through Seventy-Three (73) as if set forth fully herein.

75.

The allegations contained in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are
statements and/or conclusion of law which require no response.  To the extent a response is
deemed necessary, Defendant denies said allegations insofar as they are directed to this
Defendant.

76.

Defendant denies the allegations contained in Paragraph Seventy-Six (76) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

77.

Defendant denies the allegations contained in Paragraph Seventy-Seven (77) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

78.

Defendant denies the allegations contained in Paragraph Seventy-Eight (78), including subparts (a) through (g) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

79.

Defendant, in answer to Paragraph Seventy-Nine (79) of Plaintiffs' Complaint, the Third Cause of Action – Breach of Implied Warranty, restates and incorporates all of its answers to the foregoing Paragraphs One (1) through Seventy-Eight (78) as if set forth fully herein.

80.

The allegations contained in Paragraph Eighty (80) of Plaintiffs' Complaint are statements and/or conclusion of law which require no response.  To the extent a response is deemed necessary, Defendant denies said allegations insofar as they are directed to this Defendant.

81.

Defendant denies the allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

82.

Defendant denies the allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

83.

Defendant denies the allegations contained in Paragraph Eighty-Three (83) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

84.

Defendant admits that Plaintiffs seek damages in the Complaint. Defendant denies that Defendant is liable to Plaintiffs for any such damages claimed and that Defendant acted in an inappropriate or improper manner.

**FOURTH CAUSE OF ACTION**
**GROSS NEGLIGENCE; WILLFUL, WANTON, AND RECKLESS CONDUCT**

85.

Defendant, in answer to Paragraph Eighty-Five (85) of Plaintiffs' Complaint, the Fourth Cause of Action – Gross Negligence; Willful, Wanton, and Reckless Conduct, restates all of its answers to the foregoing Paragraphs One (1) through Eighty-Four (84) as if set forth fully herein.

86.

The allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint are statements and/or conclusion of law which require no response.  To the extent a response is deemed necessary, Defendant denies said allegations insofar as they are directed to this Defendant.

87.

Defendant denies the allegations contained in Paragraph Eighty-Seven (87) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

82.

Defendant denies the allegations contained in Paragraph Eighty-Eight (88) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

89.

Defendant denies the allegations contained in Paragraph Eighty-Nine (89), including subparts (a) through (e) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

90.

Defendant denies the allegations contained in Paragraph Ninety (90) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

91.

Defendant denies the allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

92.

Defendant denies the allegations contained in Paragraph Ninety-Two (92) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

93.

Defendant denies the allegations contained in Paragraph Ninety-Three (93) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

94.

Defendant denies the allegations contained in Paragraph Ninety-Four (94) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

## FIFTH CAUSE OF ACTION
### CONSPIRACY
### (Against Defendant METROPOLITAN LIFE INSURANCE COMPANY)

95.

The allegations contained in Plaintiffs' Fifth Cause of Action are solely against Metropolitan Life Insurance Company. Nonetheless, Defendant denies the allegations contained in Paragraph Ninety-Five (95) of Plaintiffs' Complaint insofar as they are directed to or somehow involve this Defendant.

96.

The allegations contained in Plaintiffs' Fifth Cause of Action are solely against Metropolitan Life Insurance Company. Nonetheless, Defendant denies the allegations contained in Paragraph Ninety-Six (96) of Plaintiffs' Complaint insofar as they are directed to or somehow involve this Defendant.

97.

The allegations contained in Plaintiffs' Fifth Cause of Action are solely against Metropolitan Life Insurance Company. Nonetheless, Defendant denies the allegations contained in Paragraph Ninety-Seven (97) of Plaintiffs' Complaint insofar as they are directed to or somehow involve this Defendant.

98.

The allegations contained in Plaintiffs' Fifth Cause of Action are solely against Metropolitan Life Insurance Company. Nonetheless, Defendant denies the allegations contained in Paragraph Ninety-Eight (98) of Plaintiffs' Complaint insofar as they are directed to or somehow involve this Defendant.

99.

The allegations contained in Plaintiffs' Fifth Cause of Action are solely against Metropolitan Life Insurance Company. Nonetheless, Defendant denies the allegations contained in Paragraph Ninety-Nine (99) of Plaintiffs' Complaint insofar as they are directed to or somehow involve this Defendant.

**<u>SIXTH CAUSE OF ACTION</u>**
**LOSS OF CONSORTIUM**

100.

Defendant, in answer to Paragraph One Hundred (100) of Plaintiffs' Complaint, the Sixth Cause of Action – Loss of Consortium, restates and incorporates all of its answers to the foregoing Paragraphs One (1) through Ninety-Nine (99) as if set forth fully herein.

101.

Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph One Hundred and One (101) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

102.

Defendant denies the allegations contained in Paragraph One Hundred and Two (102) of Plaintiffs' Complaint insofar as they are directed to this Defendant.

## **DAMAGES**

### 103.

This Defendant, in answer to Paragraph One Hundred and Three (103) of Plaintiffs' Complaint, Damages, restates all of its answers to the foregoing Paragraphs One (1) through One Hundred and Two (102) as if set forth fully herein.

### 104.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Four (104) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

### 105.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Five (105) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

### 106.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Six (106) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

### 107.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Seven (107) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

108.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Eight (108) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

109.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Nine (109) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

110.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Ten (110) of Plaintiffs' Complaint and can neither admit nor deny the same. Therefore, Defendant denies those allegations.

**UNNUMBERED WHEREFORE CLAUSE**.

This Defendant denies the allegations contained in the Unnumbered "Wherefore Clause" of the Complaint and denies that Plaintiffs are entitled to any of the relief requested therein. This Defendant further denies Plaintiffs suffered injuries as a result of any act or omission on the part of this Defendant and denies that Plaintiffs are entitled to any recovery from this Defendant in any amount or for any reason, whatsoever.

Each and every allegation of Plaintiffs' Complaint, including any Unnumbered "Wherefore Clause", not otherwise specifically responded to herein, is expressly denied.

**PRAYER FOR RELIEF**

The allegations set forth in the Prayer for Relief Paragraph of Plaintiffs' Complaint, namely sub-paragraphs (A) through (E), constitute a plea for judgment, relief and damages, and as such cannot be properly admitted or denied. To the extent Plaintiffs allege that they are entitled to judgment, relief and/or damages from this Defendant, Defendant denies that any facts or circumstances exist that would entitle Plaintiffs to the relief sought. Defendant further states that no facts or circumstances exist that would entitle Plaintiffs to recover damages of any kind, in any amount and under any theory of recovery whatsoever.

**ANSWER TO ALL CROSS-CLAIMS**

Defendant denies any cross-claims which have been asserted against it. Further, to the extent any cross-claim is or may be asserted by any defendant against this Defendant, the allegations contained in any such cross-claim are denied. Defendant denies any liability in any amount based upon any theory of recovery or cause of action to any and all cross-claims by any other defendant or third party. Defendant further incorporates by reference, as if set forth more fully herein, all defenses and  responses to Plaintiffs' Complaint to any cross-claim asserted by any defendant.

**RESERVATION OF CROSS-CLAIMS**

All cross-claims for contribution and for indemnity by this Defendant against any and all co-defendants and/or third-party defendants are hereby expressly reserved and implied.

## JURY DEMAND

This Defendant requests a trial by jury on all issues.

WHEREFORE, this Defendant prays that Plaintiffs' Complaint be dismissed as to this Defendant with prejudice, that all Cross-claims asserted against this Defendant be dismissed with prejudice, that all costs be cast against Plaintiffs and/or other defendants or third parties as appropriate; and such other and further relief as this Court deems just and proper.

This 23rd day of June, 2021.

HAWKINS PARNELL & YOUNG LLP

/s/ Eric T. Hawkins
North Carolina State Bar No. 48578
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia  30308
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail: ehawkins@hpylaw.com
*Attorney for Defendant Flowserve US Inc., Individually and as Successor-In-Interest to Lawrence Pumps, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | | |
|---|---|---|
| JANET HALES GREENE, Individually and as Executor of the Estate of CLARENCE EDWARD HALES and ELSIE COLLIER HALES, | ) ) ) ) ) | Case No. 4-21-CV-74-M |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | |
| 4520 CORP., INC., Individually and as successor-in-interest to BENJAMIN F. SHAW COMPANY et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEMAND FOR JURY TRIAL

COMES NOW Defendant Flowserve US Inc., individually and as successor-in-interest to Lawrence Pumps, Inc., and files this response to Plaintiffs' Complaint in the foregoing cause and makes written demand for jury trial as to all factual issues in said Complaint.

This 23rd day of June, 2021.

HAWKINS PARNELL & YOUNG LLP

/s/ Eric T. Hawkins
North Carolina State Bar No. 48578
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: ehawkins@hpylaw.com
*Attorney for Defendant Flowserve US Inc., Individually and as Successor-In-Interest to Lawrence Pumps, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

JANET HALES GREENE, Individually and as
Executor of the Estate of CLARENCE
EDWARD HALES and ELSIE COLLIER
HALES,

    Plaintiff(s),

vs.

4520 CORP., INC., Individually and as
successor-in-interest to BENJAMIN F. SHAW
COMPANY et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4-21-CV-74-M

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FLOWSERVE US INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LAWRENCE PUMPS, INC. TO PLAINTIFFS' COMPLAINT and JURY DEMAND** with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record that have made an appearance in the case.

This 23rd day of June, 2021.

        HAWKINS PARNELL & YOUNG LLP

        /s/ Eric T. Hawkins
        North Carolina State Bar No. 48578
        303 Peachtree Street, NE
        Suite 4000
        Atlanta, Georgia  30308
        Telephone:  (404) 614-7400
        Facsimile:  (404) 614-7500
        E-mail: ehawkins@hpylaw.com
        *Attorney for Defendant Flowserve US Inc., Individually and as Successor-In-Interest to Lawrence Pumps, Inc.*

32