UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| JANET HALES GREENE, Individually and as Executor of the Estate of CLARENCE EDWARD HALES, Deceased, and ELSIE COLLIER HALES, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:21-cv-74-M |
| 4520 CORP., INC., et al., | ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## ANSWER AND DEFENSES OF GENERAL ELECTRIC COMPANY

Comes now, GENERAL ELECTRIC COMPANY (hereinafter "General Electric"), a Defendant in the above-styled matter, appearing specially subject to its defenses as set forth below and expressly reserving all rights under Motions previously filed or to be filed with the Court, and respectfully responds to the Civil Action Complaint by denying each and every allegation contained therein and further states by way of affirmative defenses the following:

*Preliminary Note: all references to "Plaintiff," contained herein, shall mean and include both singular and plural, incorporating the party alleging actual exposure as well as any party alleging any claim derivative of such alleged exposure under a theory of "loss of consortium," "survival," or otherwise.*

## FIRST DEFENSE

Defendant admits its corporate existence, but specifically denies each and every remaining allegation of Plaintiff's Civil Action Complaint to the extent such allegations are

1

made against answering defendant, and demands strict proof thereof.

## SECOND DEFENSE

For a second defense, General Electric shows that Plaintiff's Civil Action Complaint, and each cause of action of the Civil Action Complaint either individually or jointly, fails to state a claim against General Electric upon which relief can be granted.

## THIRD DEFENSE

For a third defense, General Electric shows that the claims of Plaintiff, either in whole or in part, are barred by the applicable statute of limitations, the statute of repose, and laches.

## FOURTH DEFENSE

For a fourth defense, General Electric shows that venue is improper in this court with respect to General Electric.

## FIFTH DEFENSE

For a fifth defense, General Electric shows that this court lacks jurisdiction over the person of General Electric.

## SIXTH DEFENSE

For a sixth defense, General Electric shows that there has been an insufficiency of process and an insufficiency of service of process as to General Electric.

## SEVENTH DEFENSE

For a seventh defense, General Electric shows that the Civil Action Complaint and each cause of action of the Civil Action Complaint either individually or jointly, is barred by waiver and estoppel.

## EIGHTH DEFENSE

For an eighth defense, General Electric shows that it has not engaged in any activity that

has damaged the Plaintiff in any manner, nor has it breached any duty owed to Plaintiff and, therefore, Plaintiff is not entitled to recover from General Electric.

**NINTH DEFENSE**

For a ninth defense, General Electric shows that to the extent Plaintiff's alleged injuries resulted from the actions of Plaintiff's respective fellow servants, Plaintiff is not entitled to recover from General Electric.

**TENTH DEFENSE**

For a tenth defense, General Electric shows that Plaintiff's Civil Action Complaint should be dismissed for failure to add an indispensable party.

**ELEVENTH DEFENSE**

For an eleventh defense, General Electric asserts the defenses of modification, alteration and abuse of the product.

**TWELFTH DEFENSE**

For a twelfth defense, General Electric shows that Plaintiff assumed the risk of any damage or injury he may have received as a result of the incidents described in the Civil Action Complaint, and, therefore, Plaintiff is not entitled to recover.

**THIRTEENTH DEFENSE**

For a thirteenth defense, General Electric shows that if Plaintiff has sustained any injury or damage, such injury or damage was due to the careless and negligent acts of Plaintiff, which combined with any negligent acts on the part of General Electric (said negligent acts being specifically denied by General Electric), or third parties for whom General Electric is not responsible, to proximately cause said injury or damage, if any, and, therefore, Plaintiff is not entitled to recover from General Electric.

## FOURTEENTH DEFENSE

For a fourteenth defense, General Electric shows that the Plaintiff failed to exercise ordinary care for his own protection, or was otherwise contributorily and/or comparatively negligent, and such failure occasioned some or all of the alleged injury and damage to Plaintiff, if any.

## FIFTEENTH DEFENSE

For a fifteenth defense, General Electric shows that the negligence of the Plaintiff equaled or exceeded any negligence on the part of General Electric (said negligence being specifically denied), and, therefore, Plaintiff is not entitled to recover from General Electric.

## SIXTEENTH DEFENSE

For a sixteenth defense, General Electric shows that Plaintiff or others have failed to take adequate steps and precautions for the safe use of the materials described in the Civil Action Complaint, said failure being the proximate cause of Plaintiff's damages, if any, and, therefore, Plaintiff is not entitled to recover.

## SEVENTEENTH DEFENSE

For a seventeenth defense, General Electric shows that the injuries and damages complained of by Plaintiff was the result of actions or omissions by a third-party or parties for whom General Electric is not responsible, and, therefore, Plaintiff is not entitled to recover from General Electric.

## EIGHTEENTH DEFENSE

For an eighteenth defense, General Electric shows that if Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, and, accordingly, said claims are barred by payment, accord and satisfaction, arbitration and award,

release, and res judicata; alternatively, General Electric shows that if Plaintiff has accepted compensation in partial settlement of his claims, General Electric is entitled to a set-off in said amount.

**NINETEENTH DEFENSE**

For a nineteenth defense, General Electric shows that Plaintiff's claims are barred by the applicable workers' compensation laws, and, therefore, Plaintiff is not entitled to recover from General Electric.

**TWENTIETH DEFENSE**

For a twentieth defense, General Electric shows that no discovery has been conducted to date in the above-captioned civil action and it is unknown at this time which, if any, products General Electric is alleged to be responsible for giving rise to plaintiff's claims herein. General Electric further shows that should the discovery process reveal any products, for which General Electric is alleged to be responsible, giving rise to plaintiff's claims that were designed and manufactured pursuant to and in accordance with the standards of, or specifications mandated by, the United States Government and its agencies, the knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of General Electric, and by reason thereof General Electric is entitled to assume any immunity from liability which exists in favor of the United States Government or its agencies.

**TWENTY-FIRST DEFENSE**

For a twenty-first defense, General Electric shows that it has not engaged in any activity which would entitle the Plaintiff to punitive or exemplary damages.

**TWENTY-SECOND DEFENSE**

For a twenty-second defense, General Electric shows that Plaintiff's claims for punitive damages are barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the North Carolina Constitution.

### TWENTY-THIRD DEFENSE

For a twenty-third defense, General Electric shows that any exposure of Plaintiff to asbestos-containing products for which General Electric is alleged to be liable was so minimal as to be insufficient to establish a reasonable degree of certainty or probability that the injuries and damages complained of resulted from any exposure to, or defects from, said products.

### TWENTY-FOURTH DEFENSE

For a twenty-fourth defense, General Electric shows that there was no privity of contract between Plaintiff and General Electric, and Plaintiff may not rely upon any warranties which may have been implied or imposed by law upon General Electric, and General Electric affirmatively alleges that it breached no warranty.

### TWENTY-FIFTH DEFENSE

For a twenty-fifth defense, General Electric shows that it has breached neither express nor implied warranties.

### TWENTY-SIXTH DEFENSE

For a twenty-sixth defense, General Electric shows that any oral warranties upon which Plaintiff allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

### TWENTY-SEVENTH DEFENSE

For a twenty-seventh defense, General Electric shows that to the extent that Plaintiff

sustained injuries from the use of a product alleged to contain asbestos, which is denied, parties not under the control of General Electric misused, abused, misapplied and otherwise mishandled the product alleged to be asbestos material, and, therefore, the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

**TWENTY-EIGHTH DEFENSE**

For a twenty-eighth defense, North Carolina does not recognize strict liability in tort in product liability actions.

**TWENTY-NINTH DEFENSE**

For a twenty-ninth defense, General Electric shows that some of Plaintiff's claims for damages have not accrued, are purely speculative, uncertain and contingent, and therefore, Plaintiff is not entitled to recover said damages.

**THIRTIETH DEFENSE**

For a thirtieth defense, General Electric shows that no implied warranties, including the warranties of merchantability and fitness for a particular purpose, became a part of the basis of the bargain in the sale by General Electric.

**THIRTY-FIRST DEFENSE**

For a thirty-first defense, General Electric shows that the damages alleged in the Civil Action Complaint are not recoverable under an express warranty theory.

**THIRTY-SECOND DEFENSE**

For a thirty-second defense, General Electric shows that no notice of any alleged breaches of warranty were ever forwarded to General Electric pursuant to the applicable provision of the Uniform Commercial Code.

**THIRTY-THIRD DEFENSE**

For a thirty-third defense, General Electric shows that all defenses which may have been or will be asserted by other defendants and/or any third-party defendant in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiff's Civil Action Complaint. In addition, General Electric will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

**THIRTY-FOURTH DEFENSE**

For a thirty-fourth defense, General Electric denies that it gave, made or otherwise extended any warranties, whether express or implied, upon which Plaintiff had a right to rely.

**THIRTY-FIFTH DEFENSE**

For a thirty-fifth defense, General Electric shows that it has committed no negligence, whether by act of commission or act of omission.

**THIRTY-SIXTH DEFENSE**

For a thirty-sixth defense, General Electric shows that to the extent that the allegations of the Civil Action Complaint may be directed or related to General Electric, it states that any substance, product or equipment allegedly produced, manufactured, processed, sold, supplied and/or distributed by General Electric was not used for the purpose for which it was intended, and/or was misused by the Plaintiff.

**THIRTY-SEVENTH DEFENSE**

For a thirty-seventh defense, General Electric shows that because the Plaintiff is unable to

identify the manufacturers of the substance, product or equipment which allegedly caused injury, Plaintiff fails to state a claim upon which relief can be granted since, if such relief were granted, it would deprive General Electric of its constitutional rights to substantive and procedural due process of law and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

## THIRTY-EIGHTH DEFENSE

For a thirty-eighth defense, General Electric shows that the causes of action asserted herein by the Plaintiff, who admittedly is unable to identify the manufacturer(s) of the alleged injury causing product(s), fail to state a claim upon which relief can be granted, in that, Plaintiff has asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation. Such a taking would contravene General Electric's constitutional rights as preserved for it by the Fourteenth Amendment to the Constitution of the United States.

## THIRTY-NINTH DEFENSE

For a thirty-ninth defense, General Electric shows that Plaintiff's employers and others knew or should have known of the risk alleged and were negligent and careless in, among other things, failing to provide Plaintiff with a safe work environment, and in misusing General Electric's products. Such conduct was the sole proximate cause, or preponderating cause, or an intervening or superseding cause, of any alleged injury, damage or loss to the Plaintiff and therefore precludes the Plaintiff from obtaining any recovery against General Electric. Alternatively, any recovery which Plaintiff may be entitled to obtain against General Electric must be reduced by that amount of damages attributable to the acts and/or omissions of Plaintiff's employers and/or others as set forth herein.

## FORTIETH DEFENSE

For a fortieth defense, General Electric shows that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that neither breached any alleged duty to the Plaintiff, nor knew or could have known, that its products presented a foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

## FORTY-FIRST DEFENSE

For a forty-first defense, General Electric shows that the claims alleged in the Civil Action Complaint are barred by Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed damages, expenditures and costs.

## FORTY-SECOND DEFENSE

For a forty-second defense, General Electric denies any and all liability to the extent that Plaintiff asserts General Electric's alleged liability as a successor, successor in business, successor in product line, assignee, predecessor, predecessor in business, predecessor in product line, parent, alter ego, subsidiary, or other derivative status as a theory of liability.

## FORTY-THIRD DEFENSE

For a forty-third defense, General Electric shows that it was under no legal duty to warn Plaintiff of the hazards, if any, associated with the use of products containing asbestos. General Electric further shows that the purchasers of said products, Plaintiff's employers, his unions or certain third parties yet to be identified, were either learned intermediaries or knowledgeable and sophisticated users, or both, and were in a better position to warn Plaintiff of the risks associated with using products containing asbestos and, assuming, without admitting that a warning was required, it was the failure of such persons or entities to give such a warning that was the

proximate and superseding cause of Plaintiff's damages, if any.

## FORTY-FOURTH DEFENSE

For a forty-fourth defense, General Electric shows that the apparent benefits of the products containing asbestos, if any, for which it had legal responsibility outweighed the apparent risks, given the scientific knowledge available when the product was marketed.

## FORTY-FIFTH DEFENSE

For a forty-fifth defense, General Electric shows that there was no concert of action between General Electric and any other defendants herein, therefore, the defendants are not joint tort-feasors and General Electric may not be held jointly and severally liable with the other defendants.

## FORTY-SIXTH DEFENSE

For a forty-sixth defense, General Electric shows that its liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature and extent of its fault.

## FORTY-SEVENTH DEFENSE

For a forty-seventh defense, General Electric shows that no conduct by or attributable to it was the cause in fact, the proximate cause or a substantial factor in bringing about the damages, if any, suffered by Plaintiff.

## FORTY-EIGHTH DEFENSE

For a forty-eighth defense, General Electric shows that some or all of the causes of action may not be maintained because of discharge in bankruptcy.

## FORTY-NINTH DEFENSE

For a forty-ninth defense, General Electric shows that the laws of another state may apply

to this action.

## FIFTIETH DEFENSE

For a fiftieth-defense, General Electric states that this action may be dismissed on ground of forum non conveniens.

## FIFTY-FIRST DEFENSE

For a fifty-first defense, upon information and belief, it is alleged that the plaintiff's employers at the time of the alleged exposure to asbestos fibers were negligent in that they failed properly and safely to equip the plaintiff with the necessary protection; that they provided the orders and directions under which the plaintiff worked with or in the area of asbestos (if they did so); that they allowed asbestos products to be used by the plaintiff and others on their premises in a manner so as to create a condition of danger for the plaintiff; that although they knew or should have known in the exercise of ordinary care of the general requirements of dust control and maintenance they nevertheless failed to pass on all such information to plaintiff; that they failed to provide a safe place for the plaintiff to work; that they failed to provide suitable training and education for their employees, including the plaintiff, and also for their subcontractors and contractors or they failed to enforce such safety training; and they failed to require the plaintiff and other employees to keep the premises and their persons clean, dust-free and in a normal state of good housekeeping and cleanliness. If the plaintiff sustained any injury or damage as set forth in the Civil Action Complaint, which is denied, the same was directly and proximately caused by the foregoing negligence of the plaintiff's employers and such negligence was the sole proximate cause of, or an intervening, superseding or insulating cause of the plaintiff's injuries and damage, if any.

In consequence of the negligence of the plaintiff's employers and pursuant to Section 97-10.2(e) of the North Carolina General Statutes, General Electric is entitled to have submitted to the jury an issue as to whether the negligence of the employers joined and concurred with the negligence of General Electric, if any, in producing the alleged damage to the plaintiff and, if such issue should be answered in the affirmative, General Electric is entitled to have any verdict in favor of the plaintiff reduced by the amount of any workers' compensation payments or like payments made to or for the plaintiff.

General Electric reserves the right to amend its Answer to allege specific employers of the plaintiff as their names and relevant supporting evidence are developed in discovery.

**FIFTY-SECOND DEFENSE**

For a fifty-second defense, General Electric states that Plaintiff did not directly or indirectly purchase any asbestos-containing products or materials from General Electric and Plaintiff neither received nor relied on any representation or warranty allegedly made by General Electric.

**FIFTY-THIRD DEFENSE**

For a fifty-third defense, General Electric reserves the right to respond and assert defenses with respect to causes of action which have been dismissed, should they be reinstated through subsequent appeal after verdict.

**FIFTY-FOURTH DEFENSE**

For a fifty-fourth defense, insofar as the Civil Action Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiff, including contributory negligence and assumption of risk, by the

proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## FIFTY-FIFTH DEFENSE

For a fifty-fifth defense, General Electric shows that Plaintiffs and/or decedent, Plaintiffs' and/or decedent's employers or parties other than answering defendant, altered or modified any product manufactured by General Electric to which Plaintiff and/or decedent were allegedly exposed and damages thereby and such alteration or modification occurred after said product left the control of General Electric.

## FIFTY-SIXTH DEFENSE

For a fifty-sixth defense, General Electric shows that it acted reasonably in the design and formulation of its products.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant GENERAL ELECTRIC COMPANY, prays that its answer and defenses be inquired into, that judgment be entered in favor of this Defendant and against the Plaintiff, that all costs of this action be cast against Plaintiff, and that this court grant to Defendant GENERAL ELECTRIC COMPANY, such other and further relief as this Court deems just and proper under the circumstances.

Dated: June 24, 2021

By: *s/Jennifer M. Techman*
Jennifer M. Techman
NC Bar No. 32183
EVERT WEATHERSBY HOUFF
3455 Peachtree Road NE, Suite 1550
Atlanta, GA 30326
Tel: (678) 651-1200
JMTechman@EWHlaw.com
Attorney for General Electric Company

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JANET HALES GREENE, Individually and as Executor of the Estate of CLARENCE EDWARD HALES, Deceased, and ELSIE COLLIER HALES, <br><br> Plaintiffs, <br><br> v. <br><br> 4520 CORP., INC., et al., <br><br> Defendants. | Case No. 4:21-cv-74-M |

## CERTIFICATE OF SERVICE

On June 24, 2021, the ANSWER AND DEFENSES OF GENERAL ELECTRIC COMPANY was electronically served on all counsel of record in the above-referenced case via CM/ECF.

Jordan Blumenfeld-James
Dean Omar Branham Shirley LLP
302 N. Market Street, Suite 300
Dallas, TX 75202
214-722-5990
jbj@dobslegal.com
Attorney for Plaintiffs

William M. Graham
Wallace & Graham, PA
525 N. Main St.
Salisbury, NC 28144
704-633-5244
Fax: 704-633-9434
bgraham@wallacegraham.com
Attorney for Plaintiffs

Jason Walters
Davis & Hamrick, LLP

P. O. Drawer 20039
Winston-Salem, NC 27120-0039
336-725-8385
Fax: 336-723-8838
jwalters@davisandhamrick.com
Attorney for 4520 Corp Inc.

Tracy E. Tomlin
William Starr
Nelson Mullins Riley & Scarborough LLP
301 South College Street, 23rd Floor
Charlotte, NC 28202-4007
704-417-3101
Fax: 704.417-3227
tracy.tomlin@nelsonmullins.com
bill.starr@nmrs.com
Attorneys for Air & Liquid Systems Corporation, Goulds Pumps Incorporated, and Grinnell LLC

Ashley Brathwaite
Curtis J. Shipley
Leslie C. Packer
Scottie Forbes Lee
Ellis & Winters LLP
4131 Parklake Avenue,
Suite 400
Raleigh, NC 27612
919-865-7000
Fax: 919-865-7010
ashley.brathwaite@elliswinters.com
curtis.shipley@elliswinters.com
leslie.packer@elliswinters.com
scottie.lee@elliswinters.com
Attorneys for Covil Corporation

Emily Mather
Marla Tun Reschly
K&L Gates LLP
4350 Lassiter at North Hills Avenue
Suite 300
Raleigh, NC 27609
919-743-7346
Fax: 919-743-7358
emily.mather@klgates.com
marla.reschly@klgates.com
Attorneys for Crane Co.

Christopher Major
Moffatt G. McDonald
Scott E. Frick
William David Conner
Haynsworth Sinkler Boyd
P.O. Box 2048
Greenville, SC 29602-2048
864-240-3211
Fax: 864-240-3300
cmajor@hsblawfirm.com
mmcdonald@hsblawfirm.com
sfrick@hsblawfirm.com
dconner@hsblawfirm.com
Attorneys for Daniel International Corporation, The Dow Chemical Company, Fluor Constructors International, Fluor Constructors International Inc., Fluor Daniel Services Corporation, Fluor Enterprises, Inc., and Union Carbide Corporation

Eric T. Hawkins
Hawkins Parnell & Young LLP
303 Peachtree Street NE
Suite 4000
Atlanta, GA 30308-3243
404-614-7587
Fax: 404-614-7500
ehawkins@hptylaw.com
Attorney for Flowserve US Inc.

Brandon Weaver
Shannon Frankel
Young, Moore & Henderson, P.A.
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
919-861-5112
Fax: 919-782-6753
brandon.weaver@youngmoorelaw.com
ssf@youngmoorelaw.com
Attorneys for Howden North America Inc.

Keith E. Coltrain
Wall Templeton & Haldrup, P.A.
P.O. Box 10937
1001 Wade Avenue, Suite 423
Raleigh, NC 27605
919-865-9500

Fax: 919-865-9501
keith.coltrain@walltempleton.com
Attorney for Metropolitan Life Insurance Company

David B. Oakley
Poole, Brooke, Plumlee PC
4705 Columbus Street
Virginia Beach, VA 23462
757-499-1841
Fax: 757-552-6016
doakley@pbp-attorneys.com
Attorney for The William Powell Company

                                      *s/Jennifer M. Techman*
                                      Jennifer M. Techman, Esq.
                                      EVERT WEATHERSBY HOUFF
                                      3455 Peachtree Road NE, Suite 1550
                                      Atlanta, GA  30326
                                      Tel:  (678) 651-1200
                                      JMTechman@EWHlaw.com