IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:21-cv-00074-M

| | |
|---|---|
| JANET HALES GREENE, individually, and as Executor of the Estate of Clarence Edward Hales; and ELSIE COLLIER HALES,<br><br>Plaintiffs,<br><br>vs.<br><br>4520 CORP., INC., individually and as Successor-in-interest to BENJAMIN F. SHAW COMPANY; *et al.*,<br><br>Defendants. | ORDER |

This matter comes before the court on Plaintiffs' motion to consolidate cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure [DE 114]. Plaintiffs seek to consolidate the above-captioned matter (hereinafter the "*Hales* case") with *Adams et al. v. 4520 Corp., Inc. et al.*, Case No. 4:21-cv-00151-FL (hereinafter the "*Adams* case") before the undersigned. Plaintiffs argue that extensive similarities between the two cases warrant consolidation. Plaintiffs contend that Augustus Adams and Clarence Hales were employed at the same workplace (the "DuPont Kinston Facility") during the same timeframe (1950s to 1980s) and developed the same kind of cancer (mesothelioma). Plaintiffs also represent that these two cases share the same or similar counsel, defendants, and deadlines, and are anticipated to share the same lay and expert witnesses. Due to these similarities, Plaintiffs conclude, the burden on the court, the jury, the witnesses, and the parties may be significantly reduced through consolidation.

Defendants oppose the motion. Broadly, Defendants argue that the *Hales* and *Adams* cases present important factual differences in occupation, exposure, and injuries. Defendants also argue that the damages inquiry for the wrongful death claim in the *Hales* case would implicate evidence

that would be prejudicial to the same inquiry for the negligence claim in the *Adams* case. Defendants contend that these differences may compromise their right to a free and impartial trial and confuse jurors as to the merits of each individual claim, rendering consolidation inappropriate or premature.

The court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). To determine whether consolidation is appropriate, the court must assess whether the practical benefits to judicial economy outweigh the risks of prejudice and jury confusion borne by the procedure. The Fourth Circuit recently reiterated this critical inquiry:

> [P]roper application of Rule 42(a) requires the district court to determine "whether the specific risks of prejudice and possible confusion" from consolidation "[are] overborne by the risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple trial alternatives."

*Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). Generally, when two cases present different injuries, "there is a chance that the jury after listening to evidence as to pain, suffering and injury of the two plaintiffs may be influenced, subconsciously perhaps, by the more serious injuries of one plaintiff in reaching its verdict in the case of the other." *Nazario, v. Thibeault*, 2022 WL 633733, at *7 (D. Conn. Mar. 4, 2022) (quoting *Baker v. Waterman S. S. Corp.*, 11 F.R.D. 440, 440–41 (S.D.N.Y. 1951)).

While the *Hales* and *Adams* cases present some factual and legal overlap, they present important differences that would compound the risk of prejudice and jury confusion. Specifically, Augustus Adams worked in the insulation unit while Clarence Hales worked in the carpentry unit. Although the units were adjacent, the work performed within those units carried different exposure levels from different products (e.g., insulation, valves, gaskets, and packing). Moreover, although these two men were diagnosed with a form of mesothelioma, they have divergent medical histories and different injuries. Indeed, Mr. Adams is living, and Mr. Hales is deceased. The differences in

2

their occupation, exposure, and injuries would likely aggravate the complexity of the causation and damages inquiry and tempt imputation of the life and circumstances of one for the benefit of the other, regardless of the individual character of each claim. As the Fourth Circuit emphasized, "regardless of efficiency concerns, consolidation is not appropriate if it would deny a party a fair trial." *Campbell*, 882 F.3d at 74; *see also Nazario*, 2022 WL 633733, at *7.

Plaintiffs argue that the benefits to judicial economy and convenience to the parties outweigh the risk of prejudice and jury confusion because "Defendants were able to succinctly and straightforwardly explain the differences between the two cases." DE 129 at 4. Explaining the high-level differences between these two cases is one matter. Substantiating those differences at trial in a way that mitigates the risk of prejudice and jury confusion is another matter. Plaintiffs have not satisfied the court that the presentation of evidence may be conducted in a way that would effectively mitigate the risks that counsel against their request for consolidation. Accordingly, Plaintiffs' motion is DENIED.

SO ORDERED this __17th__ day of May, 2023.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE