IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| JANET HALES GREENE, Individually and as Executor of the Estate of CLARENCE EDWARD HALES; and ELSIE COLLIER HALES,<br><br>Plaintiffs,<br><br>v.<br><br>4520 CORP., INC., et al.,<br><br>Defendants. | Civil Action No.: 4:21-CV-00074-M |

## **MEMORANDUM IN SUPPORT OF DEFENDANT FLOWSERVE US, INC.'S INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LAWRENCE PUMPS, INC.'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Defendant Flowserve US, Inc. Individually and as Successor-in-Interest to Lawrence Pumps, Inc. (hereinafter "Lawrence Pumps" or "Defendant"), pursuant to Local Rule 7.2, files this Memorandum in support of its Rule 56 Motion for Summary Judgment.

### **SUMMARY OF THE CASE**

Plaintiffs filed a Complaint on May 13, 2021, alleging that Clarence Hales ("Decedent") developed mesothelioma from occupational exposure to asbestos. [ECF No. 1, ¶¶ 2, 8-11]. Specifically, Plaintiffs allege that Decedent was exposed to asbestos through his work as a maintenance worker at the DuPont facility in Kinston,

North Carolina ("DuPont") from the early 1950s to the 1980s. [ECF No. 1, ¶¶ 49-50]. Plaintiffs claim that Mr. Adams encountered Lawrence Pumps during his work at the facility. [ECF No. 1, ¶ 30]. Plaintiffs failed to present evidence of any asbestos exposure attributable to Flowserve.

## STATEMENT OF THE FACTS

Fact discovery closed on May 12, 2023. The Decedent was a maintenance worker in the carpenter shop of DuPont. Plaintiffs presented two fact witnesses: August Adams and Fred Bonar. In deposition, Mr. Adams testified that he did not know the Decedent and therefore, could not testifying regarding any products the Decedent might have worked with or around. [Exhibit A, 58:7-14, 171:16-21, 172:15-20][1]. Moreover, Mr. Adams was unable to recall witnessing carpenters around individuals repairing pumps. [Exhibit A, 59:21-25]. Mr. Adams was unable to identify any specific Lawrence Pumps manufactured product or equipment. [Exhibit A, 243:9-20].

Fred Bonar worked at DuPont from 1968 to 2011. [Exhibit B, 10:13-12:1][2]. Mr. Bonar recalls working closely with Mr. Hales. [Exhibit B, 13:2-7]. However, Mr. Bonar was unable to recall Mr. Hales working around any pumps. [Exhibit B,

---

[1] The transcript of Mr. Adams' deposition is attached to Defendant's Local Rule 56.1 Statement of Material Facts as Exhibit A and referred to herein as "Exhibit A".
[2] The transcript of Mr. Bonar's deposition is attached to Defendant's Local Rule 56.1 Statement of Material Facts as Exhibit B and referred to herein as "Exhibit B".

34:19-25]. Mr. Bonar also indicated that he was unable to testify to whether Mr. Hales was exposed to asbestos from any pump. [Exhibit B, 36:4-6].

Plaintiff's industrial hygiene expert Christopher DePasquale testified that he has no information that Mr. Hales worked with or around a Lawrence pump while at DuPont. [Exhibit C, 72:4-16][3]. Mr. DePasquale further admitted that even if the record contained evidence of Lawrence Pump equipment at DuPont, nothing in the record indicates that any of those pumps contained asbestos. [Exhibit C, 74:20-24].

Moreover, Plaintiff's causation expert Dr. Brent Staggs testified that he is unable to offer any specific causation opinions for any product, including Lawrence Pumps. [Exhibit D, 64:1-4][4]. Specifically, Dr. Staggs is unable to opine that any product made by Lawrence Pumps was a substantially contributing factor in the alleged development of mesothelioma for Mr. Hales. [Exhibit D, 64:5-16].

## ARGUMENT

I. **STANDARD OF REVIEW**

Summary judgment is appropriate when a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Shaw v.*

---

[3] The transcript of Mr. DePasquale's deposition is attached to Defendant's Local Rule 56.1 Statement of Material Facts as Exhibit C and referred to herein as "Exhibit C".

[4] The transcript of Dr. Brent Staggs' deposition is attached to Defendant's Local Rule 56.1 Statement of Material Facts as Exhibit D and referred to herein as "Exhibit D".

3

*Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party has the initial burden of proof to show an absence of evidence supporting summary judgment. *Shaw*, 13 F.3d at 798 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986)).

Once the moving party has met its burden, the party opposing summary judgment "must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials." *Shaw*, 13 F.3d at 798. A scintilla of evidence is insufficient, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "[I]f the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (2003) (internal quotes and citations omitted).

## II. Plaintiffs have failed to present any evidence that Clarence Hales was exposed to Lawrence Pumps-attributable asbestos.

Plaintiffs have not offered sufficient evidence to show that the Decedent encountered asbestos from Lawrence Pumps and therefore Lawrence Pumps is

4

entitled to summary judgment To state an asbestos-related injury claim, a plaintiff must establish that exposure to a particular defendant's products was a substantial factor in bringing about the alleged disease before there can be a recovery. *Lohrmann v. Pittsburg Corning Corporation*, 782 F.2d 1156 (4th Cir. 1986) (see also *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 n2 (4th Cir. 1995) noting that the principles articulated in *Lohrmann* are generally consistent with North Carolina law).

To establish a substantial factor, plaintiffs must be put on significant evidence of exposure to the particular product at issue. *Id*. at 1162. A "plaintiff's evidence must demonstrate that he was actually exposed to the alleged offending products"; mere existence of various products within the job sites on which the plaintiff worked is insufficient. *Wilder v. Amatex Corp., et. al.*, 314 N.C. 550, 553-54, 336 S.E.2d 66, 68 (1985). "It is axiomatic that in the absence of any demonstrated exposure, a defendant's product cannot be a factor, much less a substantial factor, in a plaintiff's disease." *Queen v. CBS Corporation, et al.*, No. 1:16-CV-00330, 2017 WL 6190941, at *2 (M.D.N.C. Dec. 7, 2017). A demonstration of defendant-attributable exposure alone is not enough; "[t]o support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann*, 782 F.2d at 1162-63. This requirement

means that a plaintiff must put forth evidence that he was exposed to asbestos from the product "with the requisite frequency or regularity," *Jandreau v. Alfa Laval USA, Inc.*, No. 2:09-91859-ER, 2012 WL 2913760, at *1 (E.D.Pa. May 1, 2012) (applying North Carolina law), and that the exposure was to an asbestos-containing product for which the moving defendant is legally responsible. *Starnes v. A.O. Smith Corp.*, No 1:12-CV-360-HR-DLH, 2014 WL 4744782, at *3 (W.D.N.C. Sept. 23, 2014).

Plaintiffs have failed to establish that the Decedent's alleged injury and ultimate death was caused by any Lawrence Pumps-attributable product and Plaintiffs may not rely on the unsubstantiated and unverified allegations in the Complaint. *Anderson*, 477 U.S. at 248-49. While Lawrence Pumps is alleged to have supplied asbestos-containing pumps to DuPont, in deposition, neither Mr. Adams nor Mr. Bonar were able to identify whether the Decedent worked with pumps or was exposed to asbestos from any pump. Mr. Adams testified that he did not know the Decedent and was unable to identify any specific Lawrence Pumps manufactured product or equipment within the facility.

There is no evidence in the record to support Plaintiffs' claims against Lawrence Pumps. Plaintiffs failed to present evidence that the Decedent ever encountered a Lawrence Pumps product, much less a Lawrence Pumps product containing asbestos. Plaintiffs have failed to establish that the Decedent was exposed to asbestos from any product manufactured by Lawrence Pumps nor that he was ever

6

exposed to asbestos from pumps with the requisite frequency or regularity. Neither of Plaintiffs' fact witnesses identified any product manufactured by Lawrence Pumps nor any product for which Lawrence Pumps is legally responsible. Plaintiff's expert witness admits that there is nothing in the record that indicates that Mr. Hales worked with or around a Lawrence pump while at DuPont. [Exhibit C, 72:4-16]. Even if there was evidence of asbestos-containing pumps at DuPont, there is no evidence that the Decedent may have worked with or around them.

Plaintiff's also fail to produce any evidence that Mr. Hales' mesothelioma was caused by a Lawrence Pumps product. As Plaintiff's expert Dr. Staggs testified, nothing in the record indicates that any product made by Lawrence Pumps was a substantially contributing factor in the alleged development of mesothelioma for Mr. Hales. [Exhibit D, 64:5-16]. Therefore, the evidence is insufficient for a reasonably jury to conclude that Lawrence Pumps was the proximate cause of the Decedent's alleged mesothelioma. Summary judgment, therefore, is appropriate.

**III. Plaintiffs have failed to establish gross negligence and willful, wanton, and reckless conduct by Lawrence Pumps and are therefore, precluded from recovering punitive damages.**

Wanton and reckless conduct has been defined as conduct "manifesting a reckless disregard for the rights and safety of others." *Pleasant v. Johnson*, 312 N.C. 710, 714, 325 S.E.2d 244, 248 (1985). Willful negligence is the "intentional failure to carry out some duty imposed by law or contract which is necessary to the safety

7

of the person or property to which it is owed." *Id.* In North Carolina, a plaintiff may recover punitive damages only if he proves the defendant is liable for compensatory damages and he proves the existence of fraud, malice, or willful or wanton conduct and it was related to the injury for which compensatory damages were awarded. N.C. Gen. Stat. § 1D-15(a)(1)-(3). A plaintiff seeking punitive damages must prove the existence of an aggravating factor by clear and convincing evidence. N.C. Gen. Stat. § 1D-15(b).

Plaintiffs have failed to demonstrate clear and convincing evidence to sustain a claim for punitive damages, gross negligence, or willful, wanton, and reckless conduct against Lawrence Pumps. There is no evidence of fraud, malice, or gross negligence or willful, wanton or reckless conduct by Lawrence Pumps and therefore, Plaintiffs' claims for such fail as a matter of law. Likewise, Plaintiffs' failure to establish, through clear and convincing evidence, the existence of an aggravating factor bars their recovery of punitive damages and their claim should be dismissed.

## CONCLUSION

Because Plaintiffs fail to establish that Mr. Hales' alleged mesothelioma, and subsequent death, is the result of any Lawrence Pumps-attributable product, Flowserve US, Inc., Individually and as Successor-in-Interest to Lawrence Pumps, Inc. respectfully requests the court grant its Motion for Summary Judgment as to all counts asserts against it in Plaintiffs' Complaint.

This the 11th day of August, 2023.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Eric T. Hawkins*
Eric T. Hawkins
N.C. Bar. No. 48578
55 Ivan Allen Jr. Blvd, NW
Suite 750
Atlanta, Georgia 30308
Ph. 404-978-7322
ehawkins@grsm.com
*Attorneys for Flowserve US, Inc. Individually and as Successor-in-Interest to Lawrence Pumps, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2023, a true and correct copy of the foregoing **Memorandum in Support of Defendant Flowserve US, Inc.'s Motion for Summary Judgment** was served via the court's electronic filing system on all attorneys of record pursuant to Rule 5(b)(1).

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Eric T. Hawkins*
Eric T. Hawkins
N.C. State Bar No.: 48578
55 Ivan Allen Jr. Blvd, NW
Suite 750
Atlanta, Georgia 30308
Ph. 404-978-7322
ehawkins@grsm.com
*Attorneys for Flowserve US, Inc., Individually and as Successor-in-Interest to Lawrence Pumps, Inc.*